IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

17 AUG 11 PM 2:35

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY____AD____
          DEPUTY CLERK

| DALE ALLEN HAMER | § | |
|---|---|---|
| | § | |
| V. | § | A-17-CV-00107-SS |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Petitioner, proceeding pro se, was granted leave to proceed *in forma pauperis*. Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Docket Entry "DE" 1), Respondent's Answer (DE 13), and Petitioner's Reply (DE 17). For the reasons set forth below, the undersigned recommends that Petitioner's Application be **denied**.

## BACKGROUND

Respondent has custody of Petitioner pursuant to a judgment and sentence imposed by the 331st Judicial District Court of Travis County, Texas. Petitioner pleaded guilty to felony driving while intoxicated, third offense and enhanced, and was sentenced to a term of 20 years' imprisonment. Petitioner alleges he was detained and arrested without probable cause; a blood sample was not authorized by statute; the indictment was void; and he was denied his right to the effective assistance of counsel.

## STATEMENT OF THE CASE

### A. Factual Background

On July 17, 2014, an Austin Police Officer observed a vehicle driven by Petitioner traveling southbound on the left improved shoulder of Ed Bluestein Boulevard, and then moving into the inside lane of traffic. (DE 14-8 at 45). In doing so, the vehicle driven bypassed stopped traffic in violation of the Transportation Code. *Id.* The officer initiated a traffic stop and detected the odor of



an alcoholic beverage emanating from Petitioner. *Id.* Other indications of Petitioner's intoxication included wobbling and swaying, hesitation and staggering, mumbling and slurred speech, bloodshot and watery eyes, and disorderly clothing. *Id.* Petitioner failed several field sobriety tests. (DE 14-8 at 46). Petitioner told the officer he had consumed two glasses of wine and he might fail a preliminary breath test. *Id.* A breath test was administered and revealed a blood alcohol concentration (BAC) of 0.227. *Id.* Petitioner refused a blood test. *Id.* The officer was advised Petitioner had a previous conviction for driving while intoxicated. *Id.* Petitioner was arrested and a blood sample taken–a blood alcohol test performed by the Forensic Science Division at the behest of the Austin Police Department revealed Petitioner's blood alcohol concentration was 0.152, above the legal limit of 0.08. (DE 14-8 at 41, 43).

### B. Petitioner's State Court Proceedings

A grand jury indictment charged Petitioner with one count of driving while intoxicated, third or more and enhanced, and alleged Petitioner was previously convicted of intoxication manslaughter. (DE 14-8 at 5). The indictment included two enhancement paragraphs, alleging Petitioner had five previous convictions for driving while intoxicated. (DE 14-8 at 6).

Petitioner entered a written guilty plea on October 30, 2015. (DE 14-8 at 7). In return for his guilty plea, the State agreed to reduce the charge from a first-degree enhanced felony with a sentencing range of 25 to 99 years' imprisonment, to a second-degree felony with a stipulated sentence of twenty years' imprisonment. (DE 14-8 at 7, 12, 40). Petitioner was admonished regarding the consequences of his guilty plea prior to entering the plea. (DE 14-8 at 13). In the written plea agreement Petitioner averred his guilty plea was knowing and voluntary. (DE 14-8 at 9-10). Petitioner declared he was knowingly and voluntarily waiving his right to a jury trial and his right

to appeal his conviction and sentence. (DE 14-8 at 9). Petitioner admitted and judicially confessed he had committed the offense alleged in the indictment and he was withdrawing any pretrial motions. *Id.* Petitioner stated he had discussed the law and facts applicable to his case with his attorney and understood the consequences of his plea. (DE 14-8 at 10). Petitioner declared he was satisfied with his legal representation. *Id.*

At the time Petitioner entered his guilty plea, the State averred it had provided the defense with an offense report and a blood alcohol report on September 11, 2014. (DE 14-8 at 15). The State also provided a probable cause affidavit, the search warrant affidavit for Petitioner's blood draw, and the affidavit of the person who took the blood sample. *Id.* When he entered his guilty plea, Petitioner and his defense counsel acknowledged the receipt of this information, withdrew any request for other documents or information, and acknowledged Petitioner's intent to proceed with a guilty plea. (DE 14-8 at 15-16).

Petitioner filed an application for a state writ of habeas corpus, challenging only his sentence. (DE 14-8 at 20-36). Petitioner alleged a violation of his Fourth Amendment and due process rights. (DE 14-8 at 26). Petitioner asserted he was not provided with the result of the blood alcohol test by the State or his counsel. (DE 14-8 at 25). Petitioner argued the test results would have shown he was not intoxicated at the time of his arrest. (DE 14-8 at 25-26). Petitioner further alleged he was arrested without probable cause and, therefore, the evidence seized as a result of his arrest could not be used in determining his sentence. (DE 14-8 at 26).

The habeas trial court issued findings of fact and recommended the writ be denied. (DE 14-9 at 4-5). The court found Petitioner, as a result of his habeas action, had been provided with a copy of the lab results indicating his BAC was above the legal limit. *Id.* The court also found there was

3

probable cause to support the traffic stop because Petitioner was driving on the left shoulder of a roadway, bypassing traffic, in violation of the Transportation Code. *Id.* The trial court found probable cause for Petitioner's arrest based on the results of the field sobriety tests. *Id.*

Petitioner moved for an evidentiary hearing in his state habeas action on November 4, 2016. (DE 14-10 at 1-4). Petitioner asserted: "The officer did not pull Defendant over for suspicion of operating a motor vehicle in a public place while intoxicated. There is no law that states that any motor vehicle can't use any shoulder of a roadway." (DE 14-10 at 2). Petitioner also challenged the blood draw, alleging the sample was not taken by a licensed nurse or medical director. *Id.* Petitioner further asserted his counsel failed to file necessary and appropriate pre-trial motions. (DE 14-10 at 3).

The Texas Court of Criminal Appeals denied Petitioner's application for a state writ of habeas corpus without written order on November 9, 2016. (DE 14-7). The motion for an evidentiary hearing was denied on November 16, 2016. (DE 14-10 at 1).

**C.    Petitioner's Federal Habeas Claims**

Petitioner alleges he is entitled to habeas relief because:

1. He was detained and arrested without probable cause;

2. His blood sample was not drawn by a licensed physician or medical director;

3. The indictment was void;

4. Evidence was not provided to the defense and should have been suppressed; and

5. He was denied his right to the effective assistance of counsel.

Respondent allows the petition is timely, but asserts Petitioner did not properly exhaust all of his claims in the state courts. Respondent contends the exhausted claims must be denied.

Petitioner raised his first and fourth claims for relief in his state habeas application. (DE 14-8 at 26). Petitioner raised his second and fifth claims for relief in his motion for an evidentiary hearing in his state habeas action. (DE 14-10 at 2-3). For the reasons set forth below, the undersigned concludes Petitioner exhausted all but his third claim for relief in the state courts.

## ANALYSIS

A.  **Exhaustion and Procedural Default**

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000), *citing* 28 U.S.C. § 2254(b)(1). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts lack the power to grant habeas corpus relief on an unexhausted claim. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003). To exhaust his state remedies, a petitioner must present his claims to the state's highest court in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court with jurisdiction to review the validity of a state criminal conviction is the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either in a direct appeal or collateral proceeding, the exhaustion requirement is satisfied. *Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986). To properly exhaust a claim the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Picard v. O'Connor*, 404 U.S. 270, 276 (1971). Claims are not exhausted "if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Petitioner is unable to return to state court to present any unexhausted federal habeas claims because he would be procedurally barred by Texas' abuse of writ doctrine, which precludes a state court from hearing a claim if the petitioner previously had a habeas petition denied by the state courts. *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998). If the petitioner failed to properly exhaust all his available state remedies and the state court to which he would be required to bring his claims to exhaust them would now find the claims procedurally barred, the claims are deemed exhausted but procedurally defaulted. *O'Sullivan*, 526 U.S. at 848; *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). Federal habeas relief on the basis of a procedurally defaulted claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice arising from the default, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thomspon*, 501 U.S. 722, 750 (1991).

Petitioner's first and fourth claims for relief were properly exhausted because he raised these claims in his application for state habeas relief. Petitioner raised his second and fifth claims for relief, regarding the blood draw and ineffective assistance of counsel, in his motion for an evidentiary hearing in his state habeas action. The Texas Court of Criminal Appeals did not construe the claims raised in the motion for an evidentiary hearing as barred and apparently considered the claims, as it denied relief in a separate order. Accordingly, the undersigned concludes Petitioner's second and fifth claims were exhausted in the state courts. *See Coleman v. Dretke*, 395 F.3d 216, 220-21 (5th Cir. 2004);[1] *Ex parte Saenz*, 491 S.W.3d 819, 824-25 (Tex. Crim. App. 2016).[2]

---

[1] In *Coleman* the Fifth Circuit concluded:
We conclude that Coleman's reply adequately presented his claims to the state court. . . . The Court of Criminal Appeals received his reply one month before it denied his petition. The state courts thus had ample time to consider all of Coleman's claims, and no evidence indicates that they regarded his reply as untimely. The state courts' failure to expressly rule

Petitioner did not exhaust his claim regarding the indictment in the state courts. Because Petitioner's third claim is procedurally barred, the Court may only grant relief on the merits of the claim if Petitioner can demonstrate cause for the default and actual prejudice arising from a failure to consider the merits of the claim, or if he can demonstrate failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750; *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014). To establish cause, Petitioner must show some external force impeded his efforts to comply with the state's procedural rule regarding proper presentment of the claims in the state courts. *Coleman v. Thompson*, 501 U.S. at 753. To demonstrate prejudice, Petitioner must show the error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (internal quotations omitted). To establish a fundamental miscarriage of justice, Petitioner must make a "persuasive showing" he is actually innocent of the crime of conviction, i.e., that as a factual matter, he did not commit the crime for which he was convicted. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

In reply to the response to his habeas petition, Petitioner contends he "exhausted all state court remedies with the same facts and legal theor[ies] upon which the Petitioner has claim[ed] in [the] federal courts." (DE 17 at 13). Petitioner contends he exhausted his third claim by filing a

---

on those claims does not prevent the claim from being exhausted.

[2] The Texas Court of Criminal Appeals noted in *Ex parte Saenz*:
In general, when an applicant files amended or supplemental pleadings raising additional claims before we have disposed of his pending application, we consider the merits of his claims, so long as the pleadings comply with the rules and procedures in Article 11.07 and Rule of Appellate Procedure 73.1, and so long as the claims are otherwise cognizable and ripe for review.

7

motion to quash the indictment. (DE 17 at 14). Petitioner reiterates his claim that there was no probable cause for the traffic stop resulting in his arrest. (DE 17 at 15).

Petitioner has not shown cause for or prejudice arising from the default of his third habeas claim, nor has Petitioner established his actual innocence. Accordingly, the Court will not consider the merits of Petitioner's third claim for federal habeas relief. Because Petitioner's other claims for relief were exhausted in the state courts, the proper standard of review is pursuant to the Antiterrorism and Effective Death Penalty Act.

## B. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court summarized the basic principles established by the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") in *Harrington v. Richter*, 562 U.S. 86, 97-100 (2011). Section § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the state court's decision "was contrary to" federal law as clearly established by the holdings of the Supreme Court; (2) when the state court's decision involved an "unreasonable application" of such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Richter*, 562 U.S. at 100, *citing Williams v.*

*Taylor*, 529 U.S. 362, 412 (2000). Each of these three grounds for relief presents an independent inquiry. *Williams*, 529 U.S. at 404-05 (holding that the "contrary to" and "unreasonable application" clauses have independent meaning); *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Under the unreasonable application clause of § 2254(d), a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (quotation marks and citation omitted).

A reviewing federal court presumes the state court's factual findings are sound unless the petitioner rebuts the "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Maldonado v. Thaler*, 625 F.3d 229, 236 (5th Cir. 2010). This presumption extends to both express findings of fact and to implicit findings of fact by the state court. *Register v. Thaler*, 681 F.3d 623, 629 (5th Cir. 2012). The Supreme Court has "explicitly left open the question whether § 2254(e)(1) applies in every case presenting a challenge under § 2254(d)(2)." *Wood v. Allen*, 558 U.S. 290, 300 (2010). However, the Fifth Circuit Court of Appeals has held that, while section 2254(e)(1)'s clear and convincing standard governs a state court's resolution of "particular factual issues," section 2254(d)(2)'s unreasonable determination standard governs "the state court's decision as a whole." *Blue v. Thaler*,

665 F.3d 647, 654 (5th Cir. 2011). *See also Hoffman v. Cain*, 752 F.3d 430, 441-42 (5th Cir. 2014) (reaffirming the standard stated in *Miller-El* and *Blue*), *cert. denied*, 135 S. Ct. 1160 (2015).

This standard of review applies to Petitioner's federal habeas claims notwithstanding the fact that the Texas Court of Criminal Appeals' decision denying relief in Petitioner's state habeas action was unexplained. *Cantu v. Collins*, 967 F.2d 1006, 1015 (5th Cir. 1992), *citing Marshall v. Lonberger*, 459 U.S. 422, 433-34 (1983). If a state court summarily denies a petitioner's claim, the Court's authority under AEDPA is limited to determining the reasonableness of the ultimate decision. *Charles v. Thaler*, 629 F.3d 494, 498-99 (5th Cir. 2011); *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002). When state habeas relief is denied without an opinion, the Court must assume the state court applied the proper "clearly established Federal law," and determine whether the decision was "contrary to" or "an objectively unreasonable application of" that law. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

### C. Voluntariness of Guilty Plea

A valid guilty plea in a state court bars federal habeas relief on non-jurisdictional claims related to the alleged violation of constitutional rights that arise prior to the entry of that plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because a guilty plea constitutes a waiver of constitutional rights, "it must be an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

A defendant's avowal that he understands the nature of the charges against him and the nature of the constitutional rights he is waiving, and that his plea is freely and voluntarily made, creates a presumption that his plea is valid. *Matthew v. Johnson*, 201 F.3d 353, 366 (5th Cir. 2000); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). Although court records alone may be

insufficient to establish a waiver of fundamental constitutional rights if they are ambiguous, *Williford v. Estelle*, 672 F.2d 552, 554 (5th Cir. 1982), the record in this case does not suffer from ambiguity. Petitioner's statements at the time of his plea are substantial and unambiguous evidence of the voluntary nature of his plea. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And the written guilty plea form signed by Petitioner are prima facie proof of the knowing and intelligent nature of his guilty plea. *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994), *citing Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986).

The record does not suggest Petitioner pleaded guilty involuntarily or for some improperly coercive reason. By entering a guilty plea, Petitioner reduced the sentence for his crime from a range of 25 to 99 years' imprisonment, to a stipulated sentence of twenty years' imprisonment, a rational decision. Given Petitioner's prior convictions for intoxication manslaughter and driving while under the influence of alcohol, it is entirely possible Petitioner would have been sentenced at the high end of the applicable range had he gone to trial and been found guilty. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987).

D. **Merits**

**1. Probable cause**

Petitioner contends there was no probable cause for the traffic stop or for his arrest. Petitioner raised this claim in the Texas Court of Criminal Appeals, which denied relief.

When a guilty plea has been entered, all non-jurisdictional challenges to a conviction's constitutionality are forfeited. *McMann*, 397 U.S. at 767; *Bradbury v. Wainwright*, 658 F.2d 1083,

1087 (5th Cir. 1981). Additionally, violations of the Fourth Amendment do not per se warrant federal habeas relief. A habeas petitioner asserting a Fourth Amendment violation is not eligible for relief if they had a full and fair opportunity to litigate their claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Billiot v. Maggio*, 694 F.2d 98, 100 (5th Cir. 1982). Even Fourth Amendment claims which were not actually litigated in the state courts are subject to the rule of *Stone v. Powell*, because it is the existence of state processes allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the rule and bars consideration of claims. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005); *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). Even if the state court improperly applied its own procedural law in refusing to consider a Fourth Amendment argument, "[e]rrors in adjudicating Fourth Amendment claims are not an exception to *Stone's* bar." *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006).

Petitioner had the opportunity to litigate his Fourth Amendment claim in the state courts, and Petitioner waived this claim by knowingly and voluntarily pleading guilty to the charge against him. Accordingly, Petitioner is not entitled to habeas relief on this claim of error.

**2. Blood sample**

Petitioner contends the blood sample was invalid and could not be used as evidence against him because state statutes require a blood draw to be authorized by a medical director or a licensed physician. Petitioner raised this claim in his state habeas action and the Texas Court of Criminal Appeals denied relief.

Because a conviction after a guilty plea rests on the defendant's admission that he committed the crimes of conviction and the plea is a waiver of the right to a trial before a fact-finder, the guilty

plea constitutes a waiver of the right to contest the admissibility of any evidence the state might have offered against the defendant. *McMann*, 397 U.S. at 767.

> [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

*Menna v. New York*, 423 U.S. 61, 63 n.2 (1975).

Petitioner's guilty plea was knowing and voluntary. Accordingly, this claim was waived by the guilty plea and Petitioner is not entitled to federal habeas relief on this claim.

### 3. Disclosure of blood test results

Petitioner asserts the results of the blood alcohol test were not produced to the defense and, accordingly, the results of this test should have been suppressed. Petitioner presented this claim to the Court of Criminal Appeals, which denied relief.

The record in this matter indicates the results of the blood test were available to the defense prior to the entry of Petitioner's guilty plea. Additionally, Petitioner's guilty pleas constituted a waiver of his right to contest the admissibility of any evidence the State might have offered against him. *McMann*, 397 U.S. at 767.

Petitioner knowing and voluntarily pleaded guilty and waived his right to challenge the evidence against him. Accordingly, he is not entitled to federal habeas relief on this claim.

### 4. Ineffective assistance of counsel

Petitioner raised this claim in his state habeas action, and the Court of Criminal Appeals denied relief.

By voluntarily pleading guilty, a criminal defendant foregoes all precedent claims for relief including claims for ineffective assistance of counsel, except those alleging that the ineffectiveness rendered the guilty plea involuntary. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Ineffective assistance of counsel claims in the context of a guilty plea are governed by the United States Supreme Court's opinion in *Hill v. Lockhart*, which adopted the two-part *Strickland* test. 474 U.S. 52, 58 (1985), *citing Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner challenging his guilty plea must show that the advice he received from his counsel with regard to his guilty plea was not "within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56, *quoting McMann*, 397 U.S. at 771. The petitioner must also establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. With regard to the prejudice prong of the test, even "where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is no actual and substantial disadvantage to the defense." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Petitioner has not established that his guilty plea was other than knowing or voluntary, or his counsel's advice regarding his guilty plea was incompetent. Petitioner asserts his counsel erred by not contesting the admissibility of the blood alcohol tests, but Petitioner has not established this evidence was inadmissible. Additionally, Petitioner averred at the time he entered his pleas he was satisfied with his counsel's representation. Neither has Petitioner established a reasonable probability

that, but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Petitioner faced a substantially greater sentence, i.e., a potential sentence of 99 years' imprisonment, had he elected to proceed to trial and been found guilty.

Accordingly, the state court's denial of Petitioner's ineffective assistance of counsel claim was not an unreasonable application of *Hill*, and Petitioner is not entitled to federal habeas relief on his claim that he was denied his right to the effective assistance of counsel.

## CONCLUSION

Petitioner failed to properly exhaust his third claim for federal habeas relief in the state courts, and has not established cause for or prejudice arising from his procedural default of this claim. Petitioner has not established his guilty plea was other than knowing and voluntary. Petitioner has not shown his counsel's advice regarding the plea was deficient, or that he would not have entered a guilty plea but for his counsel's performance. Petitioner's other claims for federal habeas relief were waived by his knowing and voluntary entry of a guilty plea to the charge against him.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

> When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

**SIGNED** this 11 day of August, 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

16